IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT "BOSTON" WOODARD,

    Plaintiff,                       No. 2:09-cv-2145 LKK JFM (PC)

    vs.

JOHN W. HAVILAND, et al.,         ORDER AND

    Defendants.               FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding through counsel with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's August 5, 2009 application for temporary restraining order and for order to show cause regarding preliminary injunction, construed as a motion for preliminary injunction in light of plaintiff's transfer, came on for evidentiary hearing September 10, 2009. David Newdorf appeared for plaintiff. Monica N. Anderson, Deputy Attorney General, appeared for defendant Haviland. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Plaintiff's complaint alleges retaliation by various prison staff based on plaintiff's writing of articles concerning prison conditions and the filing of grievances complaining of harassment and retaliation by correctional officers for his writing, in violation of the First

1

Amendment. Plaintiff seeks injunctive relief requiring defendant Warden to transfer plaintiff from California Correctional Center ("CCC") in Susanville back to California State Prison Solano (CSP-Solano) and to return to him his typewriter and other writings taken from him upon his transfer to CCC. Plaintiff contends the defendant's conduct "did not reasonably advance any legitimate correctional goal, objective or concern." (Complt. at 6.) Plaintiff contends he will suffer irreparable injury because "he will be temporarily silenced, . . . find it difficult and burdensome to pursue his grievances (against staff at CSP-Solano) and this civil rights action." (Mot. at 2.)

Prison officials may be sued under Section 1983 for retaliating against a prisoner for exercising his or her constitutional rights. Pratt v. Rowland, 65 F.3d 802, 806 & n.4 (9th Cir. 1995). A retaliation claim involves five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004). Retaliation claims must be evaluated in light of the deference accorded to prison officials. Id. at 807. The inmate bears the burden of pleading and proving the absence of legitimate correctional goals for the alleged retaliatory action. Id. at 806; Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

At present, Warden Haviland is the only named defendant. Defendant Warden contends he decided to implement a "non-adverse" transfer to ensure the safety and security of the institution rather than to discipline plaintiff. He further claims that the fact that the "non-adverse" nature of the transfer demonstrates he did not have a reliatory motive for the transfer.

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11 Federal Practice and Procedure, § 2947 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must

show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

Because plaintiff was transferred prior to the hearing, defendant Warden has no authority to transfer plaintiff since he is no longer housed at CSP-Solano. The claim does not implicate this court's jurisdiction in a way that might justify application of the All Writs Act to reach officials at CCC who are not named in the underlying litigation.[1] Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). For this reason, plaintiff's motion for preliminary injunction should be denied.

Accordingly, IT IS ORDERED that:

1. This matter is referred to the court's Alternative Dispute Resolution Coordinator, Sujean Younger, for the scheduling of a settlement conference.

2. The Clerk of the Court is directed to serve a copy of this order on Sujean Younger.

IT IS HEREBY RECOMMENDED that plaintiff's August 5, 2009 motion for temporary restraining order, construed as a motion for preliminary injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

---

[1] The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
4  objections shall be filed and served within fourteen days after service of the objections.   The
5  parties are advised that failure to file objections within the specified time may waive the right to
6  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
7  DATED: February 4, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

/001; wood2145.pi2