IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT "BOSTON" WOODARD,

    Plaintiff,                       No. 2:09-cv-2145 LKK JFM (PC)

    vs.

JOHN W. HAVILAND, et al.,

    Defendants.               ORDER

                              /

        Plaintiff, a state prisoner proceeding through counsel, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On February 5, 2010, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court agrees that the motion for a preliminary injunction should be denied, but on different grounds.

1       A preliminary injunction is an "extraordinary remedy." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (internal citation omitted). When a court considers whether to grant a motion for a preliminary injunction, it balances "the competing claims of injury, . . . the effect on each party of the granting or withholding of the requested relief, . . . the public consequences in employing the extraordinary remedy of injunction," and plaintiff's likelihood of success. Id. at 374, 376-77 (quoting Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982). Specifically, in order to succeed on a motion for a preliminary injunction, the plaintiff must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 129 S. Ct. at 374.

       Here, plaintiff only seeks to enjoin defendants to transfer him from one prison to another. He alleges that he was initially transferred in retaliation for activities protected under the First Amendment. Plaintiff argues that the transfer "will have silenced his writing (until he settles into his new prison home and receives his property and typewriter), and permanently eliminate[] a source of journalistic scrutiny inside their jail." TRO Application at 1. Plaintiff makes no other argument as to the injury he will sustain absent a preliminary injunction. Accordingly, plaintiff has not shown that he is likely to suffer irreparable harm in the absence of preliminary relief, and therefore, his motion for a preliminary injunction is denied.[1,2]

---

[1] Plaintiff may, however, move for preliminary injunctive relief concerning prison conditions, rather than the transfer to a different prison.

[2] The court notes that the question of whether this court could properly enjoin a transfer to his former prison because the only defendant is the warden of the former prison. The court does not resolve the motion on this issue because even if plaintiff could enjoin the transfer, he is not entitled to preliminary relief in that he has not shown that he is likely to suffer irreparable harm. Nonetheless, the court notes that "when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility." Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001).

1       Accordingly, IT IS HEREBY ORDERED that:

2       1. Plaintiff's August 5, 2009 motion for temporary restraining order, construed as a motion for preliminary injunctive relief, is denied.

DATED: March 9, 2010.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT